Good morning, may I please the court. My name is Thuan Le and I'm appearing on behalf of petitioner Hoa Thien Nguyen. I would like to reserve two minutes for rebuttal please. This case involves a petitioner who filed a motion to reopen to rescind her in absentia removal order issued by the Seattle Immigration Corps on May 5th 2009. The motion was denied by the IJ and petitioner's appeal was also denied by the BIA. The decisions made by the immigration judge and BIA were resulting in an abuse of discretion and violation of the due process of the petitioner because it failed to take into consideration all the facts presented to the court. Let me ask you this, it seems there's to be a dearth of corroborating evidence that Ms. Nguyen had a new address in San Jose. We're reviewing for abuse of discretion. Couldn't the BIA reasonably find that she didn't rebut the presumption of delivery to the old address? That she couldn't rebut the presumption? Well couldn't the BIA reasonably find that she didn't rebut the presumption of delivery at the old address? I don't see much evidence in the record corroborating that she had a new address in San Jose. Well she did submit the fact that you know that there was a new address in her behalf and the letter from the Reverend of the Buddhist Temple where she was working that she was working at you know starting in October 2007 and that was before the NTA was issued and so so that evidence actually corroborates her claim that she did move to San Jose prior. I guess what you argue that because Ms. Nguyen allegedly updated her address for an immigration petition it's sufficed as notice of an address change for her removal proceedings. What's your best legal argument for this? I didn't see any legal authority cited in your briefs. Sure well I mean based on the the law it just appears that you know she there was no jurisdiction for the court to order her removed because the USCIS or the service they knew that I mean it wasn't it was in her immigration file that she did that that she was living at a different address or she hadn't moved and she was no longer at that address based on the petition the visa petition that was filed. Okay but does that okay if you file a visa petition what I'm asking you what's your legal authority that that's evidence that she notified of her change of address for removal proceedings? Well your honor she never received the NTA so so she couldn't have filed it with the Immigration Court. The petition itself should be should be evidence that the Immigration Service did have you know some evidence that she didn't move and it should have been sent to that address as opposed to the old address and the authorities they're really I don't see any case law except for a matter of MRI just basically saying that you know the government you know could have constructive notice of the fact that the petitioner you know did didn't move and was no not living at the address that where she was served. Let me ask you this at the end of the day will Ms. Wynn be prejudiced if removal proceedings are reopened what avenues does she have for living here legally? Well she's currently married so she left the temple she's no longer a monk so she left the temple she's married to a US citizen and she has two children with the with her husband her US citizen husband so she wouldn't be prejudiced because there's no way for her to obtain legal status in the United States if it's not reopened. Counselor I have a couple of questions if you don't mind. Yes your honor. In May of 06 USCIS approved a I-360 petition filed by the Buddhist temple where she was then working is that correct? Yes your honor. What address was given at that time? The address was the address of the temple. In July of 2006 she filed an I-485 petition? Yes yes your honor. What address was given then? It is the address where she was served with the notice to appear at the Kenwick address. And that that was was that different than the address that was given in connection with the I-360? Yes your honor I believe so. Had she changed her address with the service? It appears that she did so it appears what happened was she went to the interview and if you if you see well I guess it's not in the record but I have her immigration file it shows that her I-485 petition there was a line through it it's crossed out with a new address so from my understanding when she went to the interview she had you know informed them that. In January of 2007 the Van Han temple the first place she worked withdrew its I-360 correct? Yes your honor. Gave the reasons for doing so correct? Yes yes. And what was her address at that time? It was still the Kenwick address in January 2007. The one that had been changed at the interview? Yes that's correct. Sometime between July and October of 07 she moved from Washington to California? Yes your honor. And began working in a new temple the Tin Han temple? That's correct your honor. What what address did the INS have at that moment? Well I'm looking for what was the address? The address that that they that had was the Kenwick address but once the petition was filed by the new temple the second temple that provided the immigration service with. That would have been in May of 08? Yes your honor. So that the temple filed an I-20 petition for a non-immigrant worker status on her They would have the address of the new temple through the visa petition. Had she, your client, told the INS she had a California as opposed to a Washington address? No she did not file a change of charging her as removable and sent the MTA to the Washington address, correct? Yes that's correct. And that was repeated in September of 08? That's correct your honor. And she didn't appear for her hearing? She did not. In May, between May and July of 09 she returned to Vietnam? Yes your honor. To seek an R1 visa? That's correct. And that was approved? That was approved. And did she give a US-based address at that time? Her US-based address was on the petition. Earlier file? Earlier file, correct. In October of 09 the Tin Han temple filed an I-360, correct, on her behalf? Yes your honor. And what address was given? It's the same address. The address of the temple? Yes, correct. That's where she was working, that's where she was living. In July of 2010 they issued a notice of intent to deny the petition. Where was that sent? That was sent to the temple, the second temple in San Jose. And did she appear? She didn't, she didn't have to appear. There was, there's no removal petition. This is just a check, this is, we think you're not eligible and here's why, correct? Right, right. I don't understand the question, I'm sorry. Well they issued a notice of intent to deny the petition. That went to the California address and she received that? Correct, that's correct. She did receive it. Then in October of 2014 she married, correct? Yes, that's correct. And the husband filed an I-130 and she filed an I-485 for gestative status? That's correct. Was all this done with counsel? The I-130 was not done with counsel. From what, from my understanding I wasn't involved in it. The I-360 I believe was done with counsel. In May of 2015 USCIS administratively closed their application based on their conclusion they lacked jurisdiction. Is that right? That's correct. Was notice of that sent to the California address? Yes, it's her new address based on the 485 filing. And that's when she moved to reopen? And then, well she didn't move to reopen for four years out, until four years later. But after that she moved to reopen? Yes, that's correct. And her address has been the same all along? Well, she's actually moved a couple of times since the 485. And was USCIS notified or the agency notified in each instance that she had changed her address? Well, the current address that we filed with the Corps. Is the answer to that yes or no? I'm not 100% sure about that, Your Honor. Thank you. I'm sorry for the chain of questions. I was just trying to clarify in my own mind about her situation. Thank you. Did you have any questions of counsel? I don't. Thank you. All right. Well, we've gone over a minute of your time, but I'll give you a minute for rebuttal. Okay. Thank you. Thank you. All right. We'll hear from the government. Good morning and may it please the court. Greg Mack for the Attorney General. Petitioner provided her Washington address to the USCIS. That Washington address was used by the USCIS and the immigration court to provide her with notification of the removal proceedings and the time and place for her hearings. None of the notices were returned as undeliverable. Therefore, petitioner can and fairly should be charged with receiving the notices and the in absentia removal order should not be rescinded. Accordingly, the board did not abuse its discretion in denying the motion to reopen because the presumption of delivery by regular mail was met here and it applies here. Counsel, our precedents, I think, made clear in ruling on the motion to reopen. The agency must accept as true the facts stated in the petitioner's affidavits unless they are inherently unbelievable. Was there compliance with that standard in this case? I believe they did comply with that, Your Honor. They do know there's a discrepancy between two of the affidavits. I guess a statement about when she moved to San Jose, but I think their larger answer was the presumption wasn't rebutted. So, do you acknowledge that Ms. Nguyen cannot be charged with updating her address if she did not receive her initial notice of appear that would have put her on notice of this obligation? I agree with that, Your Honor, in terms of it not being an A1F address under the statute because I think the A1F address requirement only applies if the non-citizen actually receives the notice to appear, which of course she did not in this particular case. That does not mean that she shouldn't be charged with the presumption of delivery by regular mail because she cannot point to a third party's delivery of her address to the USCIS, a different component of USCIS, and say, aha, the government writ large and globally is now charged with her San Jose address. She's never provided her Washington address, or excuse me, she never personally provided her Washington address. The USCIS had the address she's provided on her adjustment of status application, and that's the address that if properly used to notify her of her proceedings. And she can't say, well, now I will, you have the address in your files through another party's visa petition, and I think as I pointed out in the government's brief, there's a whole host of horrible things that could happen if we rely on a third party's delivery of a non-citizen's address, and that just shouldn't be the rule here. That's the rule here. I think that presents lots of problems, and I think ultimately in this case, if the court grants this petition, this is essentially a windfall to petitioners. It says, I don't have to let the government know where I am at the critical moment when this notice to appear is in play. I don't have to let the government know where I am until I'm good and ready to let the government know I am. And you know what? I'll show up when I want to because now I think I have relief through adjustment of status. And, Judge Callahan, I'll also go to your point. You sort of asked at the end, you know, what's the prejudice here and what relief that she'll have going forward. I can't predict what the immigration judge or board would do on remand here, but if she's going to apply for adjustment of status, that relief requires an exercise of favorable discretion in her regard. And there's evidence in the record of immigration fraud and crimes involving moral turpitude, neither of which require a conviction. It just requires that the person commit a crime involved with moral turpitude and the person commit an immigration violation. And there's evidence indication from the Seattle, Washington temple that she had engaged in some sort of theft or embezzlement from that temple, as well as seeking to use the temple's apparatus to get an immigration benefit from her brother. And you have to be admissible to the United States for a grant of adjustment of status, and they don't require a conviction to find inadmissibility. So that's to answer your question sort of on the back end. And I'm not predicting what the IJA or board will do. I understand. What about the fact that then she doesn't file her motion to reopen for a significant period of time until essentially she's remarried and waits a while for that as far as that goes? Can that be legally factored in to any of the issues that we have to decide? It can be factored in as a matter of whether the agency abused its discretion. And I'll be clear. The immigration judge points to that particular point. The board does not point to that particular point. So I just want to be clear about that. But that was a factor that the IJA looked to, and I think that goes to whether the board abused its discretion. And, again, that's what I talked about in terms of a windfall. She shows up and appears to the government when she's good and ready to because now I have some immigration relief that I think I want to pursue. But I think it says a lot in terms of the presumption of regular mail delivery here. It asks, well, if the noncitizen was going to apply for relief, had shown up for a prior hearing, has some evidence that they're eligible for relief. She doesn't apply until she thinks she has relief in the form of adjustment of status long after the absentia order was entered. And it doesn't appear that she would ultimately be eligible for that relief given the immigration issues and the CIMT issue. So the IJA took it into account in terms of the timing of this, and the board didn't. But I think it bespeaks a reluctance or a hesitancy on this particular noncitizen not to come forward until it suits her. At what point, if any, did the petitioner notify any element of DHS that she was now living in a California address? At the critical moment when the NTA and the hearing notices were issued, she had not. And she still doesn't. She says a third party provided her San Jose address in the motion to reopen. She says a third party. And in her brief, she says a third party presented her address to the USCIS and not even to the charging entity that filed the NTA. So her brief is all about, well, you can look to the visa petition filed by this third party temple in San Jose. Aha, my address is in there. But in your exchange with petitioner, those notices, one did go to petitioner. But that's a relationship between the USCIS and the petitioner being the temple, not this petitioner, filed petitioner in this instance, petition for review. That's a relationship running between the temple and the agency. She's a third party beneficiary. She doesn't directly provide her address to the USCIS. She's just saying, hey, my address had to have been provided. And I'll emphasize that. Had to be provided by the San Jose temple to the USCIS. The government's argument is that the fact that a third party entity filed a petition on her behalf or for her benefit does not relieve her of the obligation to provide USCIS with her changed address. Absolutely. Can we quote that in your opinion? That's black letter law on that, Your Honor, or should be black letter law on that. It can't be. How could it? How could we have an immigration system that works on that sort of scenario? And more importantly, in this case, we don't even have evidence of that visa petition in the record. Petitioner didn't provide that visa petition with their motion to reopen. They're just saying, oh, well, a visa petition was filed. So, therefore, her address must be in there, but doesn't even provide the courtesy to the immigration judge to provide the actual visa petition to the immigration judge. So we have no hard evidence, no objective evidence that there's an actual visa petition with her address on it. We don't know what addresses in that visa petition was never provided to the immigration judge. Was that visa petition filed by counsel? I believe it was, Your Honor, because there's also some issue you'll see in the board decision with respect to ineffective assistance counsel. I believe it was filed by the counsel to the San Jose Temple. OK. That would be the Temple's attorney. That would not be her attorney, Your Honor. Thank you. There's no further questions. We ask the court to deny the petition for review. Any further questions? OK. All right. Then I gave you one minute for rebuttal since we had a lot of questions for you. So we'll go back to the petitioner. You have one minute. Thank you, Your Honor. So I guess I just wanted to— I think the clock says something else. It's one minute. Right. OK, thanks. Thank you. I just wanted to just address the issue that counsel had brought up about the petition not being in the motion. I did file in the SIR reply response that I attempted to get the—I got the file, the petitioner's immigration file, but the petition was withheld from the file. So I was unable to produce those documents in the initial filing. So instead, I filed what I had instead of going through the long and arduous process of trying to get it through the appeals process for the FOIA. So that shouldn't be the reason why this petition should be denied. And so with that, I request that the court grant the petition and remand the case back to the immigration judge. All right. Thank you both for your arguments in this matter. It will now stand submitted. This court will be in recess until tomorrow at 9 a.m. Thank you, counsel. Thank you, Your Honor. This court for this session stands adjourned.
judges: Hawkins, Callahan, Fitzwater